Although voluminous testimony and briefs have been submitted in this matter, it seems to the court that the only question to be decided is whether the use for cemetery purposes of a tract of land in the City of Clifton, known as the Lockwood Tract and consisting of 19.07 acres, will violate an act of the legislature known as Pamph. L. 1929 ch. 20 p. 41 (R.S. 8:3-1) which has the provision: "not more than three per centum (3%) of the area of any city, town, township, borough, village or other municipality shall be devoted to cemetery purposes." The answer to this question is in the affirmative.
The testimony shows that the said City of Clifton has an area of from 10.158 to 12.02 square miles or from 6501.12 to 7692.86 acres, taking into account the percentage of error in calculation. Giving the defendant every doubt by taking *Page 57 
the higher figure of 7692.86, according to the aforesaid laws of 1929, now in the Revised Statutes, the area of the City of Clifton which can be legally devoted to cemetery purposes is 230.78 acres. The testimony is that without the Lockwood Tract there are 227.36 to 231.38 acres in the said City of Clifton devoted to cemetery purposes. With the addition of the area of the Lockwood Tract the area devoted to cemetery purposes in said city would be 246.33 to 250.45 acres, or 6.7% to 8.3% above the legal amount allowable.
The ordinance of 1905 of the Township of Acquackanonk, the predecessor to the City of Clifton, does not help the defendant. At most that ordinance is only a consent for the West Ridgelawn Cemetery to acquire land within a certain area of said township, now said city. As to the Lockwood Tract this right was not exercised for thirty-four years, and in the meantime the legislature enacted the aforesaid restriction as to the area of a municipality which can be devoted to cemetery purposes. The aforesaid restricting statute was enacted prior to the defendant acquiring said Lockwood Tract, so at the time of acquiring the same the defendant should have been sure that the said land could be used for cemetery purposes if (and there is a doubt), that was the intention of the defendant when it acquired said Lockwood Tract.
The exception set forth in R.S. 8:3-1, on which the defendant tries to rely, applies according to its terms only to townships.
Previous litigation in the Court of Chancery involving the defendant, or its predecessor in interest, pertained to the land already acquired by the West Ridgelawn Cemetery Association and did not deal with the Lockwood Tract under consideration in this action.
The principle of estoppel or of laches does not apply against the public authorities of a city. Morris and Essex Railroad Co.
v. City of Newark, 10 N.J. Eq. 352; Jersey City v. NorthJersey Street Railway Co., 72 N.J. Law 383; 61 Atl. Rep. 95;McCarter v. Lehigh Valley Railroad Co., 78 N.J. Eq. 346;79 Atl. Rep. 93; United States v. Kirkpatrick, 22 U.S. (9Wheat) 720; United States v. Beebe, 180 U.S. 343.
The relief sought by the complainant must be granted. *Page 58